ELMER MAURICE MARTIN V. THE STATE.

No. 23082. Delivered March 14, 1945.

The opinion states the case.

A. H. *Krichamer*, of Houston, for appellant.

A. C. *Winborn*, Criminal District Attorney, and *E. T. Branch*, Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted of the burglary of the filling station of S. K. Kelso in Houston, Texas, and given a penalty of two years in the penitentiary.

There are no bills of exceptions in the record. The statement of facts shows that appellant, in company with a companion, broke the glass out of a window in this filling station and entered the building, and, when soon apprehended, had taken the drawer out of the cash register and emptied its contents on the floor. It is true that he had obtained no money or other thing of value, but such is not necessary under the law. See Henderson v. State, 250 S. W. 688, wherein it quotes from Alexander v. State, 31 Tex. Cr. R. 359, 20 S. W. 756, as follows:

"Though there was no direct evidence of the intent, it might be inferred from the surrounding circumstances. The weight to be given to these was a question properly left to the jury; and when a person enters a building through a window at a late hour of the night, after the lights are extinguished, and no explanation is given of his intent, it may well be inferred that his purpose was to commit larceny, such being the usual intent under such circumstances."

234

In the case of Mullens v. State, 35 Tex. Cr. R. 149, 32 S. W. 691, it is said:

"The very fact of breaking and entering a house in the night-time raises the presumption that it is done with intent to steal, says Mr. Archbold. 2 Archb. Crim. Prac. and Pl., p. 1107."

Appellant was not charged with theft; he was only charged with burglary with intent to steal, and the fact of an attempt to rifle the cash register undoubtedly had some weight with the jury in ascertaining his intent.

There is testimony in the record relative to the drunken condition of appellant not only at the time of the alleged burglary but also for three days prior thereto. This evidence only suggests drunkenness and does not suggest temporary insanity caused by such drunkenness. In the event that such had suggested this type of temporary insanity, same could only have been used by the jury in mitigation of the penalty, if it so desired. The lowest penalty of two years was given appellant, and the jury could not have mitigated the penalty any further than they did by giving the lowest penalty, and we can see no possible error here presented.

The judgment is affirmed.