**Joseph PHILLIPS alias Walter Robinson, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51903.**

Court of Criminal Appeals of Texas.

June 30, 1976.

John Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Henry Oncken, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GUPTON, Judge.

The offense is burglary of a habitation under V.T.C.A., Penal Code, Sec. 30.02; the punishment, enhanced under V.T.C.A., Penal Code, Sec. 12.42(c), 15 years.

Appellant challenges the sufficiency of the evidence. He contends the evidence as to identification of any fruits of the alleged burglary is insufficient because the complaining witness would only testify that the television "seemed" or "appeared" to be the same item that was taken. There is no merit to this argument since the actual commission of a theft is not a prerequisite to the commission of burglary. See *Gonzalez v. State,* Tex.Cr.App., 517 S.W.2d 785; *Adami v. State,* Tex.Cr.App., 524 S.W.2d 693. In this case a witness testified to seeing the appellant, who was armed, kicking down the doors of several rooms in the motel and entering them. In light of this testimony, it is unnecessary that the

complaining witness be able to identify the television set taken from his room in order to sustain a conviction for burglary. Nevertheless, the complaining witness *was* able to identify as his the television set found in appellant's car later the same day, due to a broken antenna on the set which he had repaired. The evidence is sufficient to sustain the jury's verdict. *Jones v. State*, Tex.Cr.App., 458 S.W.2d 89.

■ Appellant's second ground of error complains the charge failed to conform to the indictment. Appellant's position is that the court asserted an evidentiary matter in its charge by saying, " . . . did enter a building then and there occupied, controlled and in the possession of Calvin Simmons, hereinafter called owner, without the effective consent of said owner . . .." It is appellant's contention that the charge should track the language of the indictment, which alleged appellant:

" . . . did then and there unlawfully with intent to commit theft, enter a habitation not then open to the public, *owned* by Calvin Simmons, hereafter styled the complainant, without the effective consent of the Complainant." (Emphasis added)

Appellant maintains the indictment alleged the complainant was the "owner" of the premises whereas the charge "broadened his proprietary interest considerably." We hold this contention to be without merit.

■ Appellant's third ground of error is "[T]he penitentiary papers were inadmissible because the evidence statute excepting this practice from hearsay was not followed." The two pen packets introduced by the State were properly certified under Art. 3731a, Sec. 4, V.T.C.S. See *Kanaziz v. State*, Tex., 382 S.W.2d 485. Cf. *Morgan v. State*, Tex.Cr.App., 532 S.W.2d 85. Furthermore, the papers did not contain any extraneous offense or details of the offense for which appellant was convicted. See *Mullins v. State*, Tex.Cr.App., 492 S.W.2d 277. Cf. *Sherman v. State*, Tex.Cr.App., 537 S.W.2d 262 (1976). This ground of error is overruled.

■ In another ground of error appellant asserts the use of an "alias" name in the indictment and in the court's charge is as incriminating to the appellant as appearing before the jury in jail clothing. When the indictment was read, appellant entered a plea of not guilty but did not object to that portion of the indictment referring to appellant by his given name and an alleged alias. Appellant did not at that time notify the court of his desire to be referred to only by his given name or by the alleged alias.

Appellant was identified in court as the man seen breaking into the motel. Appellant did not object to the prosecutor's remark to let the record reflect the witness had identified Joseph Phillips alias Walter Robinson. No incriminating evidence relating to the "alias" appears in the record. We fail to see how appellant was harmed by the reference to his given name and alleged alias in the court's charge. This contention is overruled.

■ We note that the judgment reflects that the jury found appellant had been twice previously convicted of felonies less than capital, and assessed his punishment at 15 years under the charge of the court which instructed the jury as follows:

"You are further instructed that if you find beyond a reasonable doubt that the defendant is the same person who was convicted in Cause No. 113165 or Cause No. 153811 *or both, then you will assess his punishment at life or any term of years not less than fifteen (15) years or more than ninety-nine (99) years* in the Texas Department of Corrections." (Emphasis added)

The indictment alleged two prior convictions for felonies less than capital, for enhancement of punishment under Sec. 12.-42(d), V.T.C.A., Penal Code. The proof, however, failed to show the two prior felonies to be in the proper time sequence required for enhancement under Sec. 12.42(d). This defect in proof, however, would still permit enhancement under the terms of Sec. 12.42(c), V.T.C.A., Penal Code, upon finding a prior conviction for either of the

two priors alleged. The court's charge properly submitted the issue under that section, and also submitted the proper range of punishment. The sentence, however, recites that appellant shall be confined for "not less than 5 years nor more than 15 years." Under the applicable enhancement provision, the term assessed was the minimum term available. Pronouncement of sentence, therefore, should not have applied the indeterminate sentence law. Art. 42.09, Sec. 1, V.A.C.C.P. Accordingly, the sentence must be reformed by striking the words "not less than 5 years nor more than" from the context above quoted.

The judgment and sentence recite appellant had twice previously been convicted of a felony offense. The judgment and sentence are hereby reformed to show appellant had been once previously convicted of a felony offense.

The judgment as reformed is affirmed.