Mario Alberto **GUTIERREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–82–01299–CR.

Court of Appeals of Texas, Dallas.

Jan. 18, 1984.

Gustavo Gonzales, Montemayor & Montemayor, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Diane Lown, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

WHITHAM, Justice.

Appellant, Mario Alberto Gutierrez, appeals a conviction for burglary of a building. The jury assessed appellant's punishment, enhanced by two prior felony convictions, at life in the Texas Department of Corrections. We affirm.

In appellant's first ground of error he contends that the trial court erred in failing to submit a charge of criminal trespass to the jury. Appellant was charged with burglary of a building under TEX.PENAL CODE ANN. § 30.02 (Vernon 1974), which provides in part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony or theft.

The trial court charged the jury on the law of burglary. Appellant requested an instruction on the offense of criminal trespass which was denied.

In determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Cr.App.1981); *Eldred v. State*, 578 S.W.2d 721, 722–23 (Tex.Cr. App.1979). Criminal trespass is a lesser included offense of all types of burglary, thus satisfying step one. *Day v. State*, 532 S.W.2d 302, 306 (Tex.Cr.App.1976). Our next inquiry concerns whether there was sufficient evidence at trial to have required the court to submit to the jury the issue of criminal trespass. It is well settled that if facts adduced at trial raise an issue and a charge on such issue is properly requested, then a charge on the issue must be given. *McKinney v. State*, 627 S.W.2d 731, 732 (Tex.Cr.App.1982); *Simpkins v. State*, 590 S.W.2d 129, 132 (Tex.Cr.App.1979). It is further well settled that a defendant's testimony alone is sufficient to raise an issue. *Jackson v. State*, 548 S.W.2d 685, 695 (Tex. Cr.App.1977); *Sargent v. State*, 518 S.W.2d 807, 808–09 (Tex.Cr.App.1975).

At approximately midnight, a security guard's suspicions were aroused when he noticed a man [appellant] pushing a wheel barrow to the side of a construction trailer. The guard summoned another guard and while approaching the construction site heard glass breaking. The guard directed the beam of a flashlight through a broken glass window in the trailer. Appellant was observed alone in the trailer and ordered out of the trailer. Appellant exited through the broken window. When asked what he was doing in the trailer, appellant replied that he "hadn't done nothing" and that he was in the trailer for the purpose of trying to make a phone call to his mother in Chicago. The construction company super-

intendent testified that he never gave appellant nor anyone else permission to enter the trailer that evening. In a prosecution for burglary, the intent to commit theft may be inferred from the circumstances; further, an entry made without consent in the nighttime is presumed to have been made with intent to commit theft. *Mauldin v. State*, 628 S.W.2d 793, 795 (Tex.Cr.App.1982). The State proved an entry at night without consent thus raising the presumption of intent to commit theft. Appellant's evidence only showed that the theft was not completed. Actual commission of a theft, however, is not a prerequisite to the commission of burglary. *Phillips v. State*, 538 S.W.2d 116, 117 (Tex.Cr.App.1976). Appellant argues that the testimony of the security guard who found appellant in the trailer was adequate to raise the issue of criminal trespass. We disagree. We conclude that at best the testimony shows only that appellant intended to call Chicago. A call placed at the expense of the owner of the premises would be theft in the absence of intent to make a collect call or to reimburse the owner. Appellant offered no evidence that he intended to do either. Appellant's first ground of error is overruled.

■ Appellant contends in his second ground of error that the trial court committed fundamental error in its charge to the jury by expanding the allegations in the indictment. The indictment alleged burglary of a building "with the intent to commit theft." The court's charge contained the definition of theft and theft of services. The Court of Criminal Appeals in *Cumbie v. State*, 578 S.W.2d 732, 733–35 (Tex.Cr.App.1979), delineated the four kinds of fundamental error in a trial court's charge requiring reversal as follows:

(1) An omission from the court's charge of an allegation in the indictment which is required to be proved.

(2) The charge to the jury substituted a theory of the offense completely different from the theory alleged in the indictment.

(3) The charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment.

(4) The charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense.

Appellant argues that the third type of fundamental error discussed in *Cumbie* is present in the instant case. He asserts that the charge enlarged on the indictment, i.e. authorized conviction on proof different from or less than that required to prove the allegations in the indictment. We disagree. Both the indictment and the charge required proof that appellant entered the building with the intent to commit theft. As discussed in ground of error one, actual commission of a theft is not a prerequisite to the commission of burglary. *Phillips*, 538 S.W.2d at 117. Therefore, the object of the theft is irrelevant. We find no merit to the argument that the charge enlarged the indictment nor do we perceive any of the other kinds of fundamental error discussed in *Cumbie*. Appellant's second ground of error is overruled.

■ In appellant's third ground of error he contends that his life sentence is cruel and unusual punishment in violation of U.S. CONST. amend. VIII, because it is grossly disproportionate to the crimes he has committed. Appellant was sentenced to life imprisonment upon conviction of his third felony pursuant to the Texas recidivist statute. TEX.PENAL CODE ANN. § 12.42 (Vernon 1974). The United States Supreme Court in *Rummel v. Estelle*, 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980), held that the Texas recidivist statute did not constitute cruel and unusual punishment.[1] Accordingly,

---

1. Rummel was serving a life sentence under the Texas recidivist statute which was formerly art. 63 of the Penal Code which provided "[w]hoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." With minor revisions, this article has been recodified as TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1974).

appellant's third ground of error is over-ruled.

Affirmed.