In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00172-CR


______________________________




LONZELL JONES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 339th Judicial District Court


Harris County, Texas


Trial Court No. 863169




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Lonzell Jones appeals his conviction by a jury for the offense of burglary of a
habitation. Jones pled true to two prior felony convictions, and the jury assessed
punishment at imprisonment for thirty-eight years. 

 After reviewing the record and related law, Jones' attorney concludes the appeal is
frivolous and without merit. Jones' appellate counsel filed an appropriate brief with this
Court, which summarized pretrial and trial activities. After a detailed account of the
proceedings, counsel concludes that, in his professional judgment, the record fails to
contain any arguable error. This meets the requirements of Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); Currie v.
State, 516 S.W.2d 684 (Tex. Crim. App. 1974); and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969). Counsel served a copy of his brief on Jones, informed Jones the
record was available to him, and informed him of his right to file a response. 

 Jones filed a response pro se, in which he alleges three points of error: 1) the
evidence is legally insufficient to support the conviction; 2) David Medina, the victim, should
not have testified because he had a prior felony conviction and lacked credibility; and 3)
ineffective assistance of trial counsel. 

 On December 8, 2000, Medina resided in an apartment with two other people. 
Anthony Parsons lived in another apartment in the same building. On December 8, at
approximately 4:00 p.m., Parsons heard the sound of a window breaking. He stepped
outside and saw someone crawling through the front window of Medina's apartment. 
Because he could not get a good look at the person, Parsons at first thought it was one of
the three people who resided there. However, Parsons later saw Jones exit the apartment
and knew that Jones was not one of the three people who lived in that apartment. 

 Medina testified he and a friend arrived at Medina's apartment around 4:00 p.m. 
He noticed the security gate was open and saw that the front window of his apartment was
broken. Medina heard a noise coming from inside the apartment, and then the door
opened and Jones came out. Medina and his friend detained Jones and called the police.
When Medina entered the apartment, he observed items from the apartment (some
packed in pillowcases) placed near the front door and saw that the apartment was in
disarray. Medina and his friend kept Jones there until the police arrived and arrested him. 
Medina testified he had a greater right to possession of the apartment than Jones.

 In his first point of error, Jones contends the evidence is legally insufficient to
support the conviction for burglary of a habitation. In reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict and decide
whether a rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. See Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999)
(citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We
accord great deference "to the responsibility of the trier of fact [to fairly] resolve conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts." Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996)
(quoting Jackson, 443 U.S. at 319). We presume that any conflicting inferences from the
evidence were resolved by the jury in favor of the prosecution, and we defer to that
resolution. Id. at n.13 (citing Jackson, 443 U.S. at 326). In our review, we determine only
whether "any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt." King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)
(citing Jackson, 443 U.S. at 319). 

 To support the conviction, the evidence must support the elements of burglary of
a habitation. A person commits the offense of burglary of a habitation if, without the
effective consent of the owner, the person enters a habitation with intent to commit a
felony, theft, or an assault. Tex. Pen. Code Ann. § 30.02 (Vernon Supp. 2002). The
indictment in this case charged Jones with entering Medina's apartment with intent to
commit theft. Medina and Juan Guzman both testified that they were tenants of the
apartment and that they did not give consent to Jones to enter the apartment. Medina
testified he found the front window broken, and Parsons testified he saw someone enter
the apartment through the window and then saw Jones open the door shortly before
Medina arrived. Medina and Guzman both testified they had a greater right to possession
of the apartment and property therein than Jones. When the owner of a burglarized
premises testifies he did not give the defendant permission to enter the premises and that
he did not give anyone permission to take property from the premises, this satisfactorily
proves the owner's lack of consent to the entering and the taking. Anderson v. State, 481
S.W.2d 810, 811 (Tex. Crim. App. 1972). The evidence is clearly legally sufficient to
support the jury's finding that Jones entered without the effective consent of the owner. 

 Jones specifically complains the evidence is legally insufficient to prove he had the
requisite intent required in burglary of a habitation. In a burglary prosecution, the specific
intent to commit theft may be inferred from the circumstances. Simmons v. State, 590
S.W.2d 137, 138 (Tex. Crim. App. [Panel Op.] 1979); Martin v. State, 148 Tex. Crim. 232,
186 S.W.2d 80, 80 (1945). The jury is empowered to determine the issue of intent.
Moreno v. State, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986). Jones need not have
removed the property from the apartment in order for the State to prove intent to commit
theft. See Ortega v. State, 626 S.W.2d 746, 749 (Tex. Crim. App. [Panel Op.] 1981);
Phillips v. State, 538 S.W.2d 116, 117-18 (Tex. Crim. App. 1976); Gutierrez v. State, 666
S.W.2d 248, 250 (Tex. App.-Dallas 1984, pet. ref'd). When Medina arrived at his
apartment, he found Jones inside the apartment without consent, belongings gathered in
pillowcases near the front door, and the apartment in disarray. There is more than a
scintilla of evidence that Jones had the requisite intent to commit a theft after having
broken into Medina's apartment. We overrule Jones' first point of error.

 In his second point of error, Jones contends that, because Medina admitted to a six-
or seven-year-old conviction for intoxicated assault and is still on community supervision,
he "shouldn't have been allowed to testify at trial," citing Tex. R. Evid. 609(a). In his
testimony, Medina divulged his prior conviction on his own, without objection. Without an
objection, Jones has waived this point of error on appeal. Tex. R. App. P. 33.1. However,
there was no need to object to Medina's testimony. 

 Under Rule 609, a party may attack the credibility of a witness with a prior conviction
if the crime was a felony or involved moral turpitude, its probative value is not outweighed
by its prejudicial effect, and it is not too remote. Further, under Tex. R. Evid. 601 "[e]very
person is competent to be a witness except as otherwise provided . . . ." Prior criminal
history is not generally a ground to preclude testimony under the rules. 

 Rule 609(a) does not prevent the witness from testifying. Rather, it is used to call
into question the credibility of the witness. The jury is the exclusive judge of the credibility
of witnesses and of the weight to be given their testimony. Jones v. State, 944 S.W.2d
642, 647 (Tex. Crim. App. 1996). We overrule Jones' second point of error.

 In Jones' final point of error, he complains of ineffective assistance of counsel at
trial. Specifically, Jones complains of his counsel's failure to file a motion to quash the
indictment and counsel's failure to call him as a witness. 

 The well-known two-pronged standard of Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is utilized when reviewing claims of ineffective
assistance of counsel. The reviewing court must first decide whether trial counsel's
representation fell below an objective standard of reasonableness under prevailing
professional norms. Id. at 687. If counsel's performance was deficient, the reviewing court
must decide whether there is a "reasonable probability" the result of the trial would have
been different but for counsel's deficient performance. Id. A reasonable probability is a
"probability sufficient to undermine confidence in the outcome." Id. at 694. Absent both
showings, an appellate court cannot conclude the conviction resulted from a breakdown
in the adversarial process that renders the result unreliable. Id. at 687; Ex parte
Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993); Boyd v. State, 811 S.W.2d 105,
109 (Tex. Crim. App. 1991). 

 The defendant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998); Riascos v. State, 792 S.W.2d 754, 758 (Tex. App.-Houston [14th Dist.] 1990, pet.
ref'd). Allegations of ineffective assistance of counsel will be sustained only if they are
firmly founded and affirmatively demonstrated in the appellate record. McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996); see Jimenez v. State, 804 S.W.2d 334, 338
(Tex. App.-San Antonio 1991, pet. ref'd). When handed the task of determining the
validity of a defendant's claim of ineffective assistance of counsel, any judicial review must
be highly deferential to trial counsel and avoid the deleterious effects of hindsight. Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). 

 Generally, the trial record will not be sufficient to establish an ineffective assistance
of counsel claim. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). This
is true because, normally, a silent record cannot rebut the presumption that counsel's
performance was the result of sound or reasonable trial strategy. Strickland, 466 U.S. at
688; see Stafford, 813 S.W.2d at 508. However, a defendant may rebut the presumption
by providing a record from which the appellate court may determine that trial counsel's
conduct was not based on a strategic or tactical decision. Jackson v. State, 877 S.W.2d
768, 771-72 (Tex. Crim. App. 1994). This record may be provided via a hearing on a
motion for new trial. Robinson v. State, 16 S.W.3d 808, 813 (Tex. Crim. App. 2000). There
was no such hearing in the instant case. 

 Jones' brief states, without elaboration, that trial counsel provided ineffective
assistance by failing to file a motion to quash the indictment. Jones directs us to no flaws
in the indictment requiring a motion to quash, and our review of the indictment reveals no
deficiencies. The record does not reflect any reason for counsel to have filed a motion to
quash the indictment; therefore, we are unable to hold that counsel's failure to file a motion
to quash violates the first prong of Strickland.

 Jones also complains counsel failed to call him as a witness to testify on his own
behalf. "Every criminal defendant is privileged to testify in his own defense, or to refuse
to do so." Harris v. New York, 401 U.S. 222, 225, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). "The
choice of whether to testify in one's own defense . . . is an exercise of the constitutional
privilege." Id., 401 U.S. at 230 (Brennan, J., dissenting); see Nelson v. State, 765 S.W.2d
401, 404 (Tex. Crim. App. 1989). Ultimately, the decision of whether to testify lies in the
hands of the defendant, not the defendant's counsel. Medina v. State, 962 S.W.2d 83, 87
(Tex. App.-Houston [1st Dist.] 1997, pet. ref'd); Hubbard v. State, 770 S.W.2d 31, 43 (Tex.
App.-Dallas 1989, pet. ref'd); see Thompson v. Wainwright, 787 F.2d 1447, 1452 (11th Cir.
1986). 

 There is no evidence in the record showing what advice, if any, Jones' counsel gave
him regarding waiver of his Fifth Amendment right. Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. McFarland, 928 S.W.2d at 500. The record in this case does not reveal
ineffective assistance of counsel.

 Even if Jones' attorney recommended that he not testify, we cannot hold that such
recommendation would have violated the first prong of Strickland. The State gave notice
to Jones' counsel that Jones had seven prior felony convictions since 1989. If Jones had
testified, the State could have used these prior convictions to attack Jones' credibility under
Tex. R. Evid. 609. We cannot say, given such a prior criminal history, that trial counsel
would be ineffective for advising a defendant not to testify. We overrule Jones' final point
of error.


 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: July 10, 2002

Date Decided: July 17, 2002


Do Not Publish



 




miHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00037-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

JOHN
WAYNE CHARLESTON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            John Wayne Charleston has asked the
Fifth Judicial District Court to convene a court of inquiry.  See
generally Tex. Code Crim. Proc. Ann.
art. 52.01 (Vernon 2006).  Because
Charlestons initial request, filed in October 2008, has not been acted on, he
petitions this Court for mandamus relief, to direct the trial court to rule on
his request.[1]

            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law, and (2) the absence of a clear and adequate remedy at law.  Cantu
v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 83940 (Tex. 1992).

            Consideration of a motion that is
properly filed and before the trial court is a ministerial act, and mandamus
may issue to compel the trial court to act. 
See Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992).  A trial court is required to consider
and rule on a properly filed and pending motion within a reasonable time. See In
re Shaw, 175 S.W.3d 901, 904 (Tex. App.Texarkana 2005, orig. proceeding); In re Tasby, 40 S.W.3d 190, 191 (Tex.
App.Texarkana 2001, orig. proceeding). 
In proper cases, mandamus may issue to compel the trial court to
act.  In
re Kleven, 100 S.W.3d 643, 644 (Tex. App.Texarkana 2003, orig.
proceeding); Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.San Antonio 1997, orig. proceeding); see also Marshall, 829 S.W.2d at 158 (trial court abuses discretion by
refusing to conduct hearing and render decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207
(Tex. App.Houston [14th Dist.] 1990, orig. proceeding) (mandamus an
appropriate remedy to require trial court to hold hearing and exercise
discretion).[2]

            Determining what time period is
reasonable is not subject to exact formulation. 
Whether the trial court has acted within a reasonable period of time
depends on the circumstances of the case. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.Houston [1st Dist.] 1992, orig.
proceeding).  Moreover, no bright line
separates a reasonable time period from an unreasonable one.  In re
Keeter, 134 S.W.3d 250, 253 (Tex. App.Waco 2003, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.Amarillo 2001, orig. proceeding). 
What is a reasonable time to rule is dependent on a myriad of criteria,
not the least of which is the trial courts actual knowledge of the motion, its
overt refusal to act on same, the state of the courts docket, and the
existence of other judicial and administrative matters which must be addressed
first.  Ex parte Bates, 65 S.W.3d 133 (Tex. App.Amarillo 2001, orig.
proceeding).  The trial courts inherent
power to control its own docket must also be factored into the mix.  See
Ho v. Univ. of Tex. at Arlington, 984
S.W.2d 672, 69495 (Tex. App.Amarillo 1998, pet. denied) (court has inherent
authority to control its own docket).

            From the record before us, it
appears that, on October 24, 2008, Charleston filed his request that a court of
inquiry be convened.[3]
 On or about June 16, 2009, he wrote the
trial court asking the status of his request; on December 15, 2009, he sent a
document to the trial court asking for a hearing and ruling on his complaint
seeking a court of inquiry.  On January
10, 2010, he filed a motion with the trial court asking the trial court ORDER
CONVENED THE PROCEEDINGS OF A COURT OF INQUIRY. 

            Since Charleston filed his petition
to this Court, we have received notice that the trial judge has recused
himself, citing his involvement as Charlestons appellate counsel following
Charlestons conviction.  We are also
advised that a visiting judge has since been appointed and that the visiting
judge has scheduled a hearing for May 26, 2010, to address the issue of
Charlestons standing to request a court of inquiry.  Since it appears that the visiting judge is
proceeding on Charlestons motion below, we cannot say the visiting judge is
acting at an unreasonable pace.[4]  We do not grant mandamus relief when it would
be of no practical effect, or if for any reason it would be useless or
unavailing.  Dow Chem. Co. v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995) (quoting Holcombe v. Fowler, 118 Tex. 42, 9
S.W.2d 1028 (1928)).

            We deny Charlestons petition for writ
of mandamus.

 

 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          May 11, 2010

Date
Decided:             May 12, 2010

 

Do
Not Publish

 











[1]Charlestons
prayer, at the conclusion of his petition for mandamus relief, asks us to
ISSUE A WRIT OF MANDAMUS COMPELLING A STATE INTEREST TEST AND A DECLARATORY
JUDGMENT AGAINST THE RESPONDENT DECLARING THAT THE RESPONDENT HAS VIOLATED THE
RELATORS CONSTITUTIONAL RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION
CLAUSE OF THE FOURTEENTH[] AND SET ORDER RESPONDENT IMPLY [sic] TO ART. 52[.01].  From the text of his petition, though, we
infer that he seeks to compel the trial court to rule on his request for a
court of inquiry.





[2]While
we have jurisdiction to direct the trial court to make a decision, we may not
tell the court what that decision should be.  Crofts
v. Court of Civil Appeals, 362 S.W.2d 101, 105 (Tex. 1962); State ex rel. Hill v. Court of Appeals for
Fifth Dist., 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001); ODonniley v. Golden, 860 S.W.2d 267,
26970 (Tex. App.Tyler
1993, orig. proceeding).

 





[3]Whether
to convene a court of inquiry is a discretionary matter:  

 

When
a judge of any district court of this state, acting in his capacity as
magistrate, has probable cause to believe that an offense has been committed
against the laws of this state, he may request that the presiding judge of the
administrative judicial district appoint a district judge to commence a Court
of Inquiry.

 

Tex. Code Crim. Proc. Ann. art. 52.01(a).

 





[4]We
point out that, while Charlestons initial motion to the trial court was filed
almost eighteen months ago, only in December 2009, fourteen months after filing
his motion, did Charleston ask the trial court to have a hearing and rule on
the motion.