In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00057-CV


______________________________




CITY OF RENO, TEXAS, Appellant



V.



HUNTER MOORE, LOU SHINDER,


KEN HADLEY, AND DANNY SEAY, Appellees



 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 70,080




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 The City of Reno, Texas, has filed a motion asking this Court to dismiss its appeal. Pursuant
to Tex. R. App. P. 42.1, the motion is granted.

 We dismiss the appeal.




 Jack Carter

 Justice


Date Submitted: October 13, 2003

Date Decided: October 14, 2003



 theft. 
Finding the evidence sufficient, we affirm the judgment of the trial court.

 When conducting a factual sufficiency review of the evidence, we begin with the presumption
that the evidence was legally sufficient. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 
All evidence is viewed in a neutral light, favoring neither party. Steadman v. State, 280 S.W.3d 242,
246 (Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We are
to determine if the evidence supporting the verdict, although legally sufficient, is nevertheless so
weak that the verdict is clearly wrong or manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414-15.

 While a factual sufficiency review allows a very limited degree of "second-guessing" the jury,
the review should be deferential, with a high level of skepticism about the jury's verdict before a
reversal can occur. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); Watson, 204
S.W.3d at 417.

 The factual sufficiency of the evidence should be measured by the elements of the offense as
defined by a hypothetically-correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997); Hernandez v. State, 190 S.W.3d 856, 863 (Tex. App.--Corpus Christi 2006, no pet.). 
A hypothetically correct jury charge in this case would require the State to prove beyond a reasonable
doubt that Johnson intentionally or knowingly entered a building or a portion of a building, not then
and there open to the public, without the effective consent of the owner with the intent to commit
theft. Tex. Penal Code Ann. § 30.02(a)(1). The indictment in this case charged Johnson with
entering a building, not then open to the public, without the consent of the owner, Gladys Glaspie-Starling, with the intent to commit theft. Johnson contends that the State failed to prove that he acted
with the intent to commit theft.

 A person acts with intent "with respect to the nature of his conduct . . . when it is his conscious
objective or desire to engage in the conduct . . . ." Tex. Penal Code Ann. § 6.03(a) (Vernon 2003). 
In a burglary prosecution, the specific intent to commit theft may be inferred from the circumstances. 
Simmons v. State, 590 S.W.2d 137, 138 (Tex. Crim. App. [Panel Op.] 1979); Martin v. State, 148
Tex. Crim. 232, 186 S.W.2d 80 (1945). The intent to commit theft may be inferred from a person's
actions or conduct. McGee v. State, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989). The jury is
empowered to determine the issue of intent. Moreno v. State, 702 S.W.2d 636, 641 (Tex. Crim. App.
1986), overruled in part on other grounds by Salazar v. State, 284 S.W.3d 874 (Tex. Crim. App.
2009), and Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007).

 In this case, the jury could find that it was Johnson's intent to commit theft when he removed
the lock from the hasp, entered the tool house without the owner's consent, removed two gas
cans--one for gasoline and one for diesel--therefrom, and started carrying them toward his truck. (3) 
While Johnson stated that he was not stealing when confronted by Renee Glaspie, the jury was free
to weigh that statement along with all of the other circumstances to determine the credibility of the
statement. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994) (it is within exclusive
purview of jury to determine credibility of witnesses and weight to be given statement of witness). 
Johnson need not have removed the property from the premises in order for the State to prove intent
to commit theft. See Ortega v. State, 626 S.W.2d 746, 749 (Tex. Crim. App. [Panel Op.] 1981);
Gutierrez v. State, 666 S.W.2d 248, 250 (Tex. App.--Dallas 1984, pet. ref'd).

 Moreover, Johnson tried to flee when confronted by Renee Glaspie. The jury could well have
inferred intent to commit theft from Johnson's attempt to flee when confronted. This evidence, taken
along with all of the other circumstances, including Johnson's removal of the fuel cans from the tool
shed and his request that Renee Glaspie not call the police, is conduct a rational jury could have
viewed as the conduct of a person who had been caught committing a burglary. We conclude that a
neutral view of the evidence does not demonstrate that the evidence is so obviously weak as to
undermine this Court's confidence in the jury's verdict. 

 We affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 30, 2009

Date Decided: October 1, 2009


Do Not Publish
1. Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003) provides that "a person commits an
offense if, without the effective consent of the owner, the person: (1) enters a habitation, or a
building (or any portion of a building) not then open to the public, with intent to commit a felony,
theft, or an assault . . . . "
2. The State enhanced the punishment range with prior convictions.
3. The jury could have also concluded that, if all Johnson was doing was trying to borrow some
gasoline for his truck, he would not have needed the diesel fuel in the second can.