NUMBER 13-06-00693-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG

 


STEVE ROMAN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Steve Roman, appeals his conviction for burglary of a habitation. See
Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003). In a single issue, he asserts that the
evidence is factually insufficient to support his conviction. We affirm.

I. BACKGROUND

 At trial, the State called Edith Delgado, whose apartment was burglarized; Jim
Emmons, Delgado's landlord; and two police officers. Delgado rented an apartment from
building manager Jim Emmons in July 2006. It took Delgado approximately two weeks to
move all her items into the apartment. On July 31, 2006, at approximately 1:15 a.m.,
Emmons heard footsteps in the apartment directly above his residence. Knowing that
Delgado was out of town, he walked out of his apartment to investigate. 

 Emmons testified that he noticed a woman (1) sitting at the top of the stairs and saw
Delgado's apartment door was open. As Emmons approached Delgado's apartment, he
noticed extensive damage to the door and saw appellant walking out of the apartment with
a stereo in hand. Emmons confronted appellant and grabbed the stereo. Almost
immediately thereafter, the unidentified woman snatched the stereo from Emmons and ran
toward appellant's car. Appellant, on the other hand, ran to his father's apartment (2),
grabbed the keys to his own car, and went to his vehicle. Meanwhile, Emmons returned
to his apartment and called the police. After appellant drove away, Emmons entered
Delgado's apartment and saw that "things [were] tossed around the bedroom." He also
noticed a crowbar inside the apartment. Emmons then called Delgado to tell her that her
apartment had been burglarized. 

 Officer Michael Frakas was the first officer to arrive at the scene. Officer Frakas
testified that he immediately recognized that the door frame had been kicked open. After
talking to Emmons, he put out a description of appellant's vehicle on the radio. Officer
Frakas testified that he did not see a crowbar in the apartment, but he observed what
appeared to be a shoe scuff mark on the door near the handle. 

 Officer William Kirksey, a police crime scene technician, also arrived at the scene. 
Officer Kirksey photographed the broken door, but he did not dust for fingerprints. Officer
Kirksey testified that the apartment did not appear to be ransacked. 

 Delgado arrived the next day. She found that the door frame was completely broken
and noticed a crowbar inside her apartment that did not belong to her. Delgado also
determined that her stereo and television were missing. Delgado never gave appellant
permission to enter her apartment. 

 Jimmy Roman, appellant's father, testified on appellant's behalf. According to
Roman, appellant owns a small stereo system. On the night of the burglary appellant told
him that he was going sell it for gas and cigarette money. Roman testified that he told
appellant the stereo belonged to him, and he could do whatever he wanted with it. Roman
also witnessed the confrontation between appellant and Emmons. Roman admitted,
however, that he did not tell the police that the stereo belonged to appellant. 

 Appellant testified on his own behalf. He stated that he arrived at his father's
apartment around midnight. He told his father that he was going to take his stereo and
speakers in order to sell them to someone at a local bar. He left his father's apartment
sometime between 12:30 and 1:00. As he was leaving his father's apartment, he
encountered Emmons at the head of the stairs. Emmons accused appellant of stealing the
stereo, but appellant replied "No, this is mine." Appellant began walking down the stairs
when Emmons jerked the speakers out of his hands and threw them on the ground. 
Appellant picked them up and placed them in his vehicle. Appellant left and admitted to
pawning the stereo system. Appellant denied breaking into appellant's apartment and
stealing her property. On cross-examination, appellant admitted that he had two prior
burglary convictions for which he went to prison. 

II. DISCUSSION

 Appellant contends the evidence is factually insufficient to support the conviction of
burglary of a habitation. Specifically, appellant contends that the evidence leaves open the
possibility that the apartment was burglarized at an earlier time. We disagree. 

A. Standard of Review

 In reviewing the factual sufficiency of the evidence, we view all of the evidence in
a neutral light to determine whether the jury was rationally justified in finding guilt beyond
a reasonable doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006); see
also Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). Unless the record
clearly reveals a different result is appropriate, we must defer to the fact-finder's
determination concerning the weight to be given to contradictory testimony. Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). 

B. Applicable Law

 To obtain a conviction for burglary of a habitation, the State was required to prove
beyond a reasonable doubt, that appellant, without the effective consent of the owner
entered a habitation with intent to commit theft. Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2003). Proof of entry may be shown by circumstantial evidence. Clark v. State,
543 S.W.2d 125, 127 (Tex. Crim. App 1976). Intent to commit theft may also be inferred
from the circumstances. Mauldin v. State, 628 S.W.2d 793, 795 (Tex. Crim. App. [Panel
Op.] 1982); Guiterrez v. State, 666 S.W.2d 248, 250 (Tex. App.-Dallas 1984, pet. ref'd). 

C. Analysis

 After reviewing the evidence in a neutral light, and giving due deference to the jury's
assessment of witness credibility, we conclude that the verdict is not against the great
weight and preponderance of the evidence. Emmons positively identified appellant as the
person he saw exiting Delgado's apartment with a stereo in hand. Emmons saw that the
door frame was completely destroyed and noticed a crowbar inside the apartment. 
Delgado testified that a television and stereo were missing from her apartment. She also
noticed a crowbar in her apartment that did not belong to her. Further, Delgado had not
given anyone consent to enter her apartment and take her property. Appellant testified that
he owned the stereo in question. 

 The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and
of the strength of the evidence. Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999). The jury apparently believed Emmons and disbelieved appellant's testimony. The
evidence supporting the verdict is not too weak to support a finding of guilt beyond a
reasonable doubt. Further, the evidence contrary to the verdict is not strong enough that
the beyond-a-reasonable-doubt standard could not have been met. Appellant's sole issue
is overruled. 

III. Conclusion 

 The trial court's judgment is AFFIRMED. Tex. R. App. P. 43.2(a).

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.
1. At trial, appellant testified that he had just met this woman earlier in the evening, and did not
remember her name. 
2. The record indicates that appellant's father lived directly across from Delgado's apartment.