

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00081-CR

_____

EDWARD JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Fourth Judicial District Court
Rusk County, Texas
Trial Court No. CR09-010

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Shortly after Renee Glaspie heard a truck drive onto her property in rural Rusk County on a Sunday afternoon in August 2008, she and her mother, Gladys Glaspie-Starling, saw a man, later identified as Edward Johnson, on their property, with his truck parked in the driveway. Johnson first knocked on the door to the house, but the women did not answer because they did not know him. Receiving no answer, Johnson moved to a second building near the house and knocked there, again receiving no answer. He moved to a nearby pear tree, from which he picked a couple of pears and started eating. He finally went to a third building, removed an unlocked lock from the hasp on the door, entered the third building, emerged carrying two gas cans, and started carrying the gas cans toward his truck. Glaspie emerged from the house to confront Johnson, while her mother called law enforcement. Glaspie told Johnson to put down her property. In response, Johnson asked her not to call the police and protested to her that he was not stealing. After putting the gas cans down, Johnson proceeded to his truck and eventually started to back out to leave the premises, when the police arrived. Johnson told the police that he had run out of gas.

Johnson was convicted of burglary of a building[1] and sentenced to twelve years' imprisonment in the institutional division of the Texas Department of Criminal Justice.[2] Johnson's sole issue on

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003) provides that "a person commits an offense if, without the effective consent of the owner, the person: (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault . . . . "

[2] The State enhanced the punishment range with prior convictions.

2

appeal asserts that the evidence is factually insufficient to prove that he had the intent to commit theft. Finding the evidence sufficient, we affirm the judgment of the trial court.

When conducting a factual sufficiency review of the evidence, we begin with the presumption that the evidence was legally sufficient. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). All evidence is viewed in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We are to determine if the evidence supporting the verdict, although legally sufficient, is nevertheless so weak that the verdict is clearly wrong or manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414–15.

While a factual sufficiency review allows a very limited degree of "second-guessing" the jury, the review should be deferential, with a high level of skepticism about the jury's verdict before a reversal can occur. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Watson*, 204 S.W.3d at 417.

The factual sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Hernandez v. State*, 190 S.W.3d 856, 863 (Tex. App.—Corpus Christi 2006, no pet.). A hypothetically correct jury charge in this case would require the State to prove beyond a reasonable doubt that Johnson intentionally or knowingly entered a building or a portion of a building, not then and there open to the public, without the effective consent of the owner with the intent to commit

3

theft. TEX. PENAL CODE ANN. § 30.02(a)(1). The indictment in this case charged Johnson with entering a building, not then open to the public, without the consent of the owner, Gladys Glaspie-Starling, with the intent to commit theft. Johnson contends that the State failed to prove that he acted with the intent to commit theft.

A person acts with intent "with respect to the nature of his conduct . . . when it is his conscious objective or desire to engage in the conduct . . . ." TEX. PENAL CODE ANN. § 6.03(a) (Vernon 2003). In a burglary prosecution, the specific intent to commit theft may be inferred from the circumstances. *Simmons v. State*, 590 S.W.2d 137, 138 (Tex. Crim. App. [Panel Op.] 1979); *Martin v. State*, 148 Tex. Crim. 232, 186 S.W.2d 80 (1945). The intent to commit theft may be inferred from a person's actions or conduct. *McGee v. State*, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989). The jury is empowered to determine the issue of intent. *Moreno v. State*, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986), *overruled in part on other grounds by Salazar v. State*, 284 S.W.3d 874 (Tex. Crim. App. 2009), and *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007).

In this case, the jury could find that it was Johnson's intent to commit theft when he removed the lock from the hasp, entered the tool house without the owner's consent, removed two gas cans—one for gasoline and one for diesel—therefrom, and started carrying them toward his truck.[3] While Johnson stated that he was not stealing when confronted by Renee Glaspie, the jury was free to weigh that statement along with all of the other circumstances to determine the credibility of the

---

[3]The jury could have also concluded that, if all Johnson was doing was trying to borrow some gasoline for his truck, he would not have needed the diesel fuel in the second can.

4

statement. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994) (it is within exclusive purview of jury to determine credibility of witnesses and weight to be given statement of witness). Johnson need not have removed the property from the premises in order for the State to prove intent to commit theft. *See Ortega v. State*, 626 S.W.2d 746, 749 (Tex. Crim. App. [Panel Op.] 1981); *Gutierrez v. State*, 666 S.W.2d 248, 250 (Tex. App.—Dallas 1984, pet. ref'd).

Moreover, Johnson tried to flee when confronted by Renee Glaspie. The jury could well have inferred intent to commit theft from Johnson's attempt to flee when confronted. This evidence, taken along with all of the other circumstances, including Johnson's removal of the fuel cans from the tool shed and his request that Renee Glaspie not call the police, is conduct a rational jury could have viewed as the conduct of a person who had been caught committing a burglary. We conclude that a neutral view of the evidence does not demonstrate that the evidence is so obviously weak as to undermine this Court's confidence in the jury's verdict.

We affirm the judgment of the trial court.


                                                Josh R. Morriss, III
                                                Chief Justice


Date Submitted:     September 30, 2009
Date Decided:       October 1, 2009

Do Not Publish