Robert KENDRICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 43777.

Court of Criminal Appeals of Texas.

May 19, 1971.

---

1. We recommend that exhibition of photographs be shown to witnesses separately and apart.

Splawn, Maner & Nelson by Robert W. Gauss, Lubbock, for appellant.

Blair C. Cherry, Jr., Dist. Atty. and Troy C. Hurley, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for breaking and entering a motor vehicle. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

Both of appellant's grounds of error relate to the trial court's refusal to grant his motion for an instructed verdict of not guilty after the State had rested its case in chief, it being his contention the proof offered was insufficient to support the allegations of the indictment as to the instant or primary offense.

The record reflects that on the afternoon of January 31, 1970, the appellant Kendrick was observed entering a car parked on Texas Avenue in the city of Lubbock by police officers Parker and McCalley. After sitting in the car for approximately a minute, the appellant got out and walked away. As the officers circled the block and stopped for a red light, they saw the appellant get out of a second parked car with an aluminum pipe in his hand. He then walked across an alley and got into the passenger side of a white 1966 Pontiac station wagon parked on a private parking lot. The station wagon bore 1969 Texas license plates Number CDP 633.

At this point Officer Parker got out of the patrol unit and walked over to the parked station wagon. Officer McCalley then drove the patrol car into the parking lot and stopped behind the Pontiac station wagon in which the appellant was still sitting. After ascertaining from the appellant that the car was not his, the officers placed him under arrest. The officers testified that appellant had his hand in his coat pocket when he got out of the car and that they, after placing him under arrest, looked into that pocket and found a pair of sunglasses. The sunglasses were later shown to belong to the son of the owner of the Pontiac station wagon.

Mrs. B. R. Mackey testified at the trial that she owned the white Pontiac station wagon with Texas license plates CDP 633 and that she had left it in the parking lot that morning when she went to work. She further testified that she did not know the appellant and had not given him, or anybody else, permission to enter her car.

She related that the sunglasses which belonged to her son were in the closed glove compartment or "car pocket" of her car.

■ In his first ground of error appellant claims the indictment charged him with having unlawfully "by force, threats and fraud, break and enter a motor vehicle there situated and controlled by Mrs. B. R. Mackey, and with the intent then and there fraudulently to take from the said motor vehicle, corporeal personal property therein being and belonging to the said Mrs. B. R. Mackey, from the possession of the said Mrs. B. R. Mackey, without her consent and with the intent to deprive the said Mrs. B. R. Mackey, the owner of said corporeal personal property, of the value thereof * * *" and the proof showed that Mrs. B. R. Mackey was not the owner of the sunglasses.

This contention is without merit. The State did not allege in the indictment that the property actually taken belonged to Mrs. Mackey and it was not necessary to prove the same. The indictment alleges breaking and entering of a motor vehicle with the intent to commit theft. The crime was therefore complete when the appellant broke and entered the motor vehicle owned by Mrs. Mackey with the requisite intent. The actual ownership of the sunglasses is clearly immaterial. Further, the glasses were shown to have been in Mrs. Mackey's custody and control.

Appellant's ground of error #1 is overruled.

The appellant also contends the trial court erred in failing to grant his instructed verdict motion since the indictment alleged that he did "by force, threats and fraud, break and enter a motor vehicle there situated" and the proof did not show "the breaking of any glass vent, glass window or windshield, or any other part of the vehicle, or the breaking or opening of any latch, or locking device of a vehicle."

Under Article 1404b, Sec. 3, V.A.P.C., as amended Acts 1955, 54th Leg., p. 351, ch. 71, § 1, breaking into a vehicle is accomplished by "breaking or opening of any latch or locking device of a vehicle." In other words, when the car door is opened the latch is opened and the offense is accomplished.

Officer Parker testified that he saw the appellant get into the station wagon involved, that he arrested the appellant inside the vehicle, and that he saw the appellant get out. Officer McCalley admitted that he did not see the appellant open the door, but he did say that he could see the top of the door and the appellant standing there by it and that the appellant would be the only one that could have opened it. He also testified that he saw Kendrick go inside the station wagon and that he was still in the vehicle when the officers arrived.

This evidence is sufficient to sustain the conviction for breaking and entering a motor vehicle. The facts as stated are in such close juxtaposition to each other as to eliminate any other conclusion than that the appellant opened the door and thereby committed the offense for which he was accused. Further, we note that the evidence reflects that the "car pocket" was opened and sunglasses removed.

The judgment is affirmed.