**Oscar Lee SIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57675.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 31, 1979.

Rehearing En Banc Denied Dec. 12, 1979.

Bill Roberts, Dallas, for appellant.

Henry M. Wade, Dist. Atty., J. T. Langford and David C. Schick, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for burglary of a vehicle. On August 10, 1976, a jury found the appellant guilty and assessed punishment at four and one-half years.

The sole ground of error on appeal is that the evidence is insufficient to sustain the conviction. Appellant contends that the evidence presented did not establish that he entered the vehicle with the intent to commit theft.

The record reveals that on April 15, 1976, at approximately 8:15 p. m., two Dallas police officers observed the appellant in a parking lot, bent over inside one of the cars. They saw the appellant place a sack on the ground. The sack, it was later determined, contained a six-pack of beer. The appellant had two pill bottles in his possession when he was apprehended.

Al Gross, the owner of the vehicle, testified that the sack containing the beer and the pill bottles belonged to him. He further testified that he had not given the appellant permission to enter his car and that, to the best of his knowledge, the car doors were shut when he left the car.

The appellant testified in his own behalf. On direct examination, the appellant stated:

**138**

"A: Well, I was passing by and I noticed the door on the passenger side of the vehicle was wide open and, you know, and I mean, I was in kind of a pleasant mood and just my curiosity just, I believe, kind of drew me over to the vehicle on the parking lot.

"Q: [DEFENSE COUNSEL]: What did you do when you got over there?

"A: Once I got over there, I noticed that there was no one around, or there was no one in the vehicle, so I—I asked myself: Why? And it was—it was dark. It was dark, and so—I noticed no one was in the front seat, so I had to lean over inside the car to see what or who was in the back because I didn't understand this car wide open on this parking lot and no one around."

\* \* \* \* \* \*

"Q: What did you do next?

"A: Well, now, I am already in the car, so I picks—opens the container and I believe that maybe that sack there could have been in there or it might have been in the front seat, I am not sure which way it was; but anyway, I remember lifting it up, the container top."

In *Ewing v. State*, 400 S.W.2d 911 (Tex.Cr.App.1966), the evidence was similar to that presented in the case at hand. There we held that the evidence was sufficient to sustain the burglary conviction where a police detective observed the defendant leaning inside a parked automobile. As the detective approached, the defendant turned around with a portable radio in his hand. The owner of the car testified that the radio belonged to him. See *Kindrick v. State*, 466 S.W.2d 778 (Tex.Cr.App.1971); *Valdez v. State*, 462 S.W.2d 24 (Tex.Cr.App. 1970). It is well established that the specific intent to commit theft can be inferred from the circumstances. *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App.1976); *Martinez v. State*, 469 S.W.2d 185 (Tex.Cr.App. 1971); *Hawkins v. State*, 467 S.W.2d 465 (Tex.Cr.App.1971). The circumstances sur-

rounding this case reveal that the appellant entered a vehicle belonging to another at night time. He removed property from the vehicle. He had two pill bottles in his possession when he was apprehended.

We hold that the evidence is sufficient to sustain the conviction.

The judgment is affirmed.