John BAILEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00329–CR.

Court of Appeals of Texas, San Antonio.

Dec. 10, 1986.

Sam Millsap, Jr., Lyndee Ahnstedt, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Mark Stevens, San Antonio, for appellant.

Before ESQUIVEL, REEVES, CHAPA, JJ.

CHAPA, Justice.

Appellant was indicted for burglary of a building with intent to commit theft. Trial was before the bench and appellant was found guilty as charged. Appellant plead true to an enhancement count, and punishment was assessed at thirty years' confinement in the Texas Department of Corrections.

Since appellant raises a sufficiency of the evidence question, we must set out the facts as developed at trial. On January 25, 1985, at about 1:30 A.M., a silent alarm was triggered in Booker T. Washington Elementary School and San Antonio Police officers were immediately dispatched to the scene.

Officer Ronald Carnesi was the first officer to arrive. He arrived about one minute after receiving the dispatcher's call. Looking for signs of entry, he noticed an open window in the front of the building. Looking inside, he noticed open cabinets, door and closets but he saw no one. Officer Carnesi then requested that a canine team be dispatched in order to search the inside of the building, which arrived shortly thereafter. Officer Carnesi stayed at the front of the building until the canine team checked the interior. He saw no one exit the front of the building.

Officer Robert Cunningham arrived approximately one minute after Carnesi. He went around to the rear to try and cordon off the school. He testified that after being there about five minutes, he saw appellant crawling out of the girl's bathroom window. Appellant was then arrested and handcuffed. Only appellant's work gloves were found on his person, and nothing belonging to the school was found in his possession. Officer Cunningham testified that appellant told him the reason he was on the school grounds was it was his regular route to get to work, had seen two kids on the school grounds and had gone in the school to check.

Officer Garland Gaston, a member of the Canine Division, searched the inside of the building. The dogs are used to pick up the scent from someone who has been inside a building. The scent usually lingers for 10 to 15 minutes. The dog led the officer down the hallway to where there was a chair with a footprint on the seat outside the girl's bathroom. Through the bathroom window Officer Gaston saw appellant in the custody of Officer Cunningham. The dog also picked up scent in the principal's office where the desk drawers had been gone through and the window to the front lawn was open. Scent was also picked up in the nurse's office where a cabinet had been broken into and some medicines were scattered on the floor. The dog picked up no scent in any other places of the building.

Appellant testified in his own behalf. He stated that he leaves his house around 1:00 to 1:30 at night to walk to his part time job. His regular route to work takes him through the grounds of Booker T. Washington. He testified that as he was entering the school grounds, he saw two young black youths leaving the school campus in a hurry. Then, as he was coming from between two buildings he was arrested by Officer Cunningham. He testified that he had not been inside the school, and denied telling Officer Cunningham otherwise. However, he admitted telling the officer he had gone on the school grounds to check on what the kids might have done.

Appellant's sole ground of error alleges that the evidence was insufficient to

prove beyond a reasonable doubt that appellant entered the building in question with intent to commit theft. The question of intent with which a person enters a building is a fact question which the trier of facts can resolve from the surrounding circumstances. *Ortega v. State,* 626 S.W.2d 746, 749 (Tex.Crim.App.1982); *Simmons v. State,* 590 S.W.2d 137, 138 (Tex. Crim.App.1979). Furthermore, in a prosecution for burglary the specific intent to commit theft, or lack thereof, may be inferred from the circumstances. *Moreno v. State,* 702 S.W.2d 636, 641 (Tex.Crim.App. 1986); *Simmons v. State,* 590 S.W.2d at 138.

■ Throughout the course of the trial and on appeal the State has argued that a "presumption" of intent to commit theft arises from non-consensual nighttime entry. This is not a correct statement of the law. The inference of intent to commit theft arising from nonconsensual nighttime entry is a permissible inference only and not a trial level presumption except in the consideration of a motion for instructed verdict or new trial for insufficiency of the evidence. *Browning v. State,* 720 S.W.2d 504 (Tex.Crim.App.1986) (not yet reported). It is not conclusive, nor does it shift the burden of proof as a true presumption would. Non-consensual nighttime entry is simply a circumstance from which the trier of fact may or may not infer an intent to commit theft. The State still has the burden of proving the intent. *Id. See also Aguilar v. State,* 682 S.W.2d 556 (Tex. Crim.App.1985); *Hardesty v. State,* 656 S.W.2d 73 (Tex.Crim.App.1983).

The test for determining the sufficiency of the evidence to support a criminal conviction is the same in both direct and circumstantial evidence cases. *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App. 1984). The standard of review requires that we look at the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct.

2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d at 387. Every circumstantial evidence case must be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex. Crim.App.1984).

■ In applying the standard of review, the appellate courts continue to apply the "exclusion of reasonable hypothesis test" as one means of analyzing the sufficiency of the evidence in a circumstantial evidence case. *Burks v. State,* 693 S.W.2d 932, 937 (Tex.Crim.App.1985); *Garrett v. State,* 682 S.W.2d 301, 304 (Tex.Crim.App.1984). This test has been defined as "if the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." *Garrett,* 682 S.W.2d at 304, *citing, Denby v. State,* 654 S.W.2d 457, 464 (Tex.Crim. App.1983). Appellant alleges that his testimony alleging that two youths were responsible for the ransacking of the school raises a reasonably hypothesis that he is not guilty. There is no evidence other than appellant's own statements to support this hypothesis; furthermore, we find the State sufficiently rebutted this hypothesis with the evidence that the appellant was apprehended while crawling out of the building. Hence, appellant's alternate hypothesis was sufficiently excluded and therefore the evidence does not raise an inference other than his guilt.

In the instant case the undisputed evidence shows that someone had broken into and entered the school. Whoever had broken into the school that night was there approximately 10 to 15 minutes prior to the arrival of the canine team. Both the principal's office and the nurse's quarters had been ransacked with drawers and cabinets gone through in an apparent search. Officer Cunningham testified that he saw the appellant crawling out of the building, although this was denied by the appellant at trial. The trial judge, sitting as trier of the facts, was entitled to accept or reject any or all of the testimony adduced at trial.

*Wright v. State,* 603 S.W.2d 838 (Tex.Crim. App.1979).

We hold that under the evidence presented in this case, a rational trier of the facts could have found all the essential elements of the crime beyond a reasonable doubt. Therefore, the trial court did not commit error, and the judgment of the trial court is affirmed.