Louis Joseph **GOODEAUX, Appellant,**

v.

The **STATE of Texas, Appellee.**

**No. 09–07–426 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted on July 28, 2008.

Decided Oct. 29, 2008.

Christine R. Brown–Zeto, Orange, for Appellant.

John D. Kimbrough, County Atty., N. Krispen Walker Choate, Asst. County Atty., Orange, for state.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

An Orange County jury found appellant, Louis Joseph Goodeaux, guilty of burglary of a habitation. The jury assessed his punishment at imprisonment for 20 years and a fine of $5,000.00. Goodeaux challenges the legal and factual sufficiency of the evidence supporting the verdict and contends he was wrongly convicted on uncorroborated testimony of alleged co-conspirators. We overrule Goodeaux's issues, and affirm the judgment.

## Factual Background

The jury convicted Goodeaux of burglarizing a home in Orange, Texas. The homeowner testified that on December 5, 2006, he and his wife left the residence to work in another state. When he returned, someone had broken into his house and removed personal items, including a television, cameras, his wife's jewelry, and his Harley Davidson motorcycle from the garage. The homeowner also testified that Denise Eubanks, one of the State's accomplice witnesses, had been in his home on previous occasions.

During the trial, the homeowner's spouse positively identified pieces of her stolen jewelry that had been recovered by the police. The homeowner's spouse confirmed that Eubanks had previously been in her home and had seen her jewelry box.

Brandi Cooper, the State's other accomplice witness, testified that Eubanks introduced her to Goodeaux, and that Eubanks and Goodeaux were dating. She further testified that she allowed Eubanks to use her car, and that she and Eubanks dropped Goodeaux off in front of a residence in December 2006. Later, Goodeaux called them to come pick him up. When they arrived, Goodeaux placed a large television in the backseat of the car and put two big duffle bags in the trunk. Cooper also testified that she later saw jewelry and a camcorder on the bed of the hotel room where Eubanks and Goodeaux were staying. Cooper pawned some jewelry provided to her by Eubanks.

Detective Fred Hanouer testified that he located Goodeaux at a residence owned by Eubanks's sister. According to Detective Hanouer, Eubanks's sister wanted Goodeaux, who was present, removed from her premises. Before he left, Goodeaux identified his personal belongings, including a television and laundry basket full of clothes. However, when Goodeaux left, he did not take the property he had previously identified; Detective Hanouer took the jewelry from the laundry basket to the station to be inventoried. At trial, Ha-

nouer testified that the basket contained men's clothing and shoes as well as an assortment of ladies' jewelry. According to Hanouer, the homeowner's spouse told him during his investigation that some of the jewelry from the basket belonged to her. During the trial, the homeowner's spouse identified photographs of the jewelry that came from the basket as her jewelry.

### Legal and Factual Sufficiency

■    With respect to the legal sufficiency of the evidence in a criminal case, we review all of the evidence in a light most favorable to the verdict, and we decide if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Evans v. State,* 202 S.W.3d 158, 161 (Tex.Crim.App.2006). In determining the evidence's factual sufficiency, we review the evidence in a neutral light. *Roberts v. State,* 220 S.W.3d 521, 524 (Tex.Crim.App.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 282, 169 L.Ed.2d 206 (2007). "Evidence can be factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust, and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust." *Id.* (citing *Watson v. State,* 204 S.W.3d 404, 414–15 (Tex.Crim.App.2006); *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000)). The reviewing court may not reverse for factual sufficiency if " 'the greater weight and preponderance of the evidence actually favors conviction.' " *Id.* (quoting *Watson,* 204 S.W.3d at 417). While the appellate court may "second-guess the [fact finder] to a limited degree, the review should still be deferential, with a high level of skepticism about the [fact finder's] verdict required before a reversal can occur." *Id.* (citing *Watson,* 204 S.W.3d at 417; *Cain v. State,* 958 S.W.2d 404, 407, 410 (Tex.Crim.App.1997)). In examining a factual sufficiency challenge, we defer to the fact finder's determination of the credibility of the evidence. *Swearingen v. State,* 101 S.W.3d 89, 97 (Tex.Crim. App.2003).

■    A person commits the offense of burglary if, without the effective consent of the owner, the person enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault. Tex. Pen.Code Ann. § 30.02(a)(1) (Vernon 2003). In Goodeaux's case, evidence introduced at trial supported each element of this offense. The homeowner testified that he did not give Goodeaux or anyone else permission to enter the home while he was away. The homeowners testified that they left the house locked, and when they returned the lock on the door had been broken. We find the evidence factually and legally sufficient to support the jury's finding that Goodeaux did not have consent to enter the home.

■    The evidence was also sufficient to establish that Goodeaux entered the home. The Texas Penal Code defines "enter" as "to intrude: (1) any part of the body; or (2) any physical object connected with the body." Tex. Pen.Code Ann. § 30.02(b)(1)-(2) (Vernon 2003). The homeowners testified that they discovered various items taken from their home upon their return. Some of that property, specifically jewelry, was subsequently found in a laundry basket that Goodeaux had identified as his. In addition, the jury heard testimony from the State's two accomplice witnesses from which they could have reasonably inferred that Goodeaux had entered the home.

Goodeaux was placed at the homeowners' residence by Cooper, who testified that she and the other accomplice witness dropped Goodeaux off in the neighborhood and picked him up roughly thirty minutes later. Cooper testified that when they picked Goodeaux up in front of the house next door he was carrying a television and two duffle bags. The Court of Criminal Appeals recently noted "the well-settled rule that a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary." *Rollerson v. State,* 227 S.W.3d 718, 725 (Tex.Crim.App.2007). We find the evidence legally and factually sufficient to establish that Goodeaux entered the home.

■ The third element of the offense of burglary, "with intent to commit theft," is also established in Goodeaux's case. *See* Tex. Pen.Code Ann. § 30.02(a)(1) (Vernon 2003). "[A] presumption of an intent to commit theft arises from the nonconsensual nighttime entry of a home or building." *Brown v. State,* 122 S.W.3d 794, 800 (Tex. Crim.App.2003). Further, in a prosecution for burglary, the jury may infer an intent to commit theft from all the surrounding circumstances. *Simmons v. State,* 590 S.W.2d 137, 138 (Tex.Crim.App.1979). In this case, the jury could find that it was Goodeaux's intent to commit theft when he entered the residence without the homeowner's consent. As previously discussed, property owned by the homeowners was also found among Goodeaux's possessions. From the evidence, the jury could reasonably conclude that Goodeaux's purpose in entering the residence was to commit a theft.

In summary, we conclude that the evidence is legally and factually sufficient to establish each element of the crime alleged in the indictment. We overrule Goodeaux's first issue.

### Non–Accomplice Corroborating Evidence

■ The Code of Criminal Procedure requires a conviction based upon the testimony of an accomplice witness to be corroborated by other evidence that tends to connect the defendant with the offense. Tex.Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). The Court of Criminal Appeals explained:

> The [accomplice witness] rule simply reflects a legislative determination that accomplice testimony that implicates another should be viewed with some level of caution. Under the rule it is not necessary for the non-accomplice evidence to be sufficient in itself to establish the accused's guilt beyond a reasonable doubt. Nor is it necessary for the non-accomplice evidence to directly link the accused to the commission of the offense. All that is required is that there be *some* non-accomplice evidence which *tends* to connect the accused to the commission of the offense alleged in the indictment. . . . [N]o precise rule can be formulated as to the amount of evidence that is required to corroborate the testimony of an accomplice witness.

*Gill v. State,* 873 S.W.2d 45, 48 (Tex.Crim. App.1994) (citations omitted). "[C]ircumstances that are apparently insignificant may constitute sufficient evidence of corroboration." *Malone v. State,* 253 S.W.3d 253, 257 (Tex.Crim.App.2008) (citing *Trevino v. State,* 991 S.W.2d 849, 852 (Tex.Crim. App.1999)). "[Therefore], each case must be judged on its own facts." *Gill,* 873 S.W.2d at 48.

■ When evaluating whether accomplice-witness testimony is sufficiently corroborated, the Court must "eliminate the accomplice testimony from consideration and then examine the remaining por-

tions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Malone*, 253 S.W.3d at 257. " 'Tendency to connect' rather than rational sufficiency is the standard: the corroborating evidence need not be sufficient by itself to establish guilt." *Solomon v. State*, 49 S.W.3d 356, 361 (Tex.Crim.App.2001) (quoting *Cathey v. State*, 992 S.W.2d 460, 462 (Tex.Crim.App.1999), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000)). "[T]here simply needs to be 'other' evidence tending to connect the defendant to the offense." *Solomon*, 49 S.W.3d. at 361. "All facts, both direct and circumstantial, may be examined in ascertaining whether sufficient corroboration exists." *Gosch v. State*, 829 S.W.2d 775, 777 (Tex.Crim.App. 1991) (citing *Reed v. State*, 744 S.W.2d 112, 126 (Tex.Crim.App.1988)). "If the combined cumulative weight of the other incriminating evidence tends to connect the accused with the commission of the offense, then the mandate of Article 38.14 has been fulfilled." *Gosch*, 829 S.W.2d at 777.

Other corroborating evidence in this case includes evidence that Goodeaux was found to be in possession of the homeowners' jewelry. Goodeaux points out that the basket containing the jewelry was not shown to have been solely in his possession. However, in *Gill v. State*, the Court of Criminal Appeals made it clear that the State need not show that the defendant had exclusive possession of the victim's property to satisfy the requirements of the accomplice witness rule. 873 S.W.2d at 48–49. One of the factors relied upon by the Court of Criminal Appeals that tended to connect Gill to the offense was that he and the accomplice witness were shown to have "jointly possessed items matching the items stolen from [the victim]." *Id.* at 48.

In Goodeaux's case, the non-accomplice evidence, viewed in the light most favor-

able to the jury's verdict, established the following: (1) the burglary occurred in December 2006; (2) during the subsequent investigation on January 28, 2007, Detective Hanouer located Goodeaux at the residence of Eubanks's sister; (3) a laundry basket that Goodeaux identified as containing his property included ladies' jewelry; and (4) the homeowner's wife later identified the jewelry from the basket as hers. Goodeaux's possession of the homeowner's property reasonably tends to corroborate the testimony of the accomplice witnesses that Goodeaux committed the burglary. Therefore, we overrule Goodeaux's second issue.

Having overruled all of Goodeaux's issues, we affirm the trial court's judgment.

AFFIRMED.