In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-426 CR


____________________



LOUIS JOSEPH GOODEAUX, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-070191-R






 OPINION


 An Orange County jury found appellant, Louis Joseph Goodeaux, guilty of burglary
of a habitation. The jury assessed his punishment at imprisonment for 20 years and a fine of
$5,000.00. Goodeaux challenges the legal and factual sufficiency of the evidence supporting
the verdict and contends he was wrongly convicted on uncorroborated testimony of alleged
co-conspirators. We overrule Goodeaux's issues, and affirm the judgment.


Factual Background


 The jury convicted Goodeaux of burglarizing a home in Orange, Texas. The
homeowner testified that on December 5, 2006, he and his wife left the residence to work in
another state. When he returned, someone had broken into his house and removed personal
items, including a television, cameras, his wife's jewelry, and his Harley Davidson
motorcycle from the garage. The homeowner also testified that Denise Eubanks, one of the
State's accomplice witnesses, had been in his home on previous occasions.

 During the trial, the homeowner's spouse positively identified pieces of her stolen
jewelry that had been recovered by the police. The homeowner's spouse confirmed that 
Eubanks had previously been in her home and had seen her jewelry box.

 Brandi Cooper, the State's other accomplice witness, testified that Eubanks introduced
her to Goodeaux, and that Eubanks and Goodeaux were dating. She further testified that she
allowed Eubanks to use her car, and that she and Eubanks dropped Goodeaux off in front of
a residence in December 2006. Later, Goodeaux called them to come pick him up. When
they arrived, Goodeaux placed a large television in the backseat of the car and put two big
duffle bags in the trunk. Cooper also testified that she later saw jewelry and a camcorder on
the bed of the hotel room where Eubanks and Goodeaux were staying. Cooper pawned some
jewelry provided to her by Eubanks. 

 Detective Fred Hanouer testified that he located Goodeaux at a residence owned by
Eubanks's sister. According to Detective Hanouer, Eubanks's sister wanted Goodeaux, who
was present, removed from her premises. Before he left, Goodeaux identified his personal
belongings, including a television and laundry basket full of clothes. However, when
Goodeaux left, he did not take the property he had previously identified; Detective Hanouer
took the jewelry from the laundry basket to the station to be inventoried. At trial, Hanouer
testified that the basket contained men's clothing and shoes as well as an assortment of
ladies' jewelry. According to Hanouer, the homeowner's spouse told him during his
investigation that some of the jewelry from the basket belonged to her. During the trial, the
homeowner's spouse identified photographs of the jewelry that came from the basket as her
jewelry.

Legal and Factual Sufficiency


 With respect to the legal sufficiency of the evidence in a criminal case, we review all
of the evidence in a light most favorable to the verdict, and we decide if any rational trier of
fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Evans v. State, 202
S.W.3d 158, 161 (Tex. Crim. App. 2006). In determining the evidence's factual sufficiency,
we review the evidence in a neutral light. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim.
App. 2007), cert. denied, 128 S.Ct. 282, 169 L.Ed.2d 206 (2007). "Evidence can be factually
insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that
the verdict seems clearly wrong and manifestly unjust, and (2) when the supporting evidence
is outweighed by the great weight and preponderance of the contrary evidence so as to render
the verdict clearly wrong and manifestly unjust." Id. (citing Watson v. State, 204 S.W.3d
404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000)). The reviewing court may not reverse for factual sufficiency if "'the greater weight
and preponderance of the evidence actually favors conviction.'" Id. (quoting Watson, 204
S.W.3d at 417). While the appellate court may "second-guess the [fact finder] to a limited
degree, the review should still be deferential, with a high level of skepticism about the [fact
finder's] verdict required before a reversal can occur." Id. (citing Watson, 204 S.W.3d at
417; Cain v. State, 958 S.W.2d 404, 407, 410 (Tex. Crim. App. 1997)). In examining a
factual sufficiency challenge, we defer to the fact finder's determination of the credibility of
the evidence. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). A person commits the offense of burglary if, without the effective consent of the
owner, the person enters a habitation, or a building (or any portion of a building) not then
open to the public, with intent to commit a felony, theft, or an assault. Tex. Pen. Code Ann.
§ 30.02 (a)(1) (Vernon 2003). In Goodeaux's case, evidence introduced at trial supported
each element of this offense. The homeowner testified that he did not give Goodeaux or
anyone else permission to enter the home while he was away. The homeowners testified that
they left the house locked, and when they returned the lock on the door had been broken. We
find the evidence factually and legally sufficient to support the jury's finding that Goodeaux
did not have consent to enter the home.

 The evidence was also sufficient to establish that Goodeaux entered the home. The
Texas Penal Code defines "enter" as "to intrude: (1) any part of the body; or (2) any physical
object connected with the body." Tex. Pen. Code Ann. § 30.02 (b)(1)-(2) (Vernon 2003). 
The homeowners testified that they discovered various items taken from their home upon their
return. Some of that property, specifically jewelry, was subsequently found in a laundry
basket that Goodeaux had identified as his. In addition, the jury heard testimony from the
State's two accomplice witnesses from which they could have reasonably inferred that
Goodeaux had entered the home. Goodeaux was placed at the homeowners' residence by
Cooper, who testified that she and the other accomplice witness dropped Goodeaux off in the
neighborhood and picked him up roughly thirty minutes later. Cooper testified that when they
picked Goodeaux up in front of the house next door he was carrying a television and two
duffle bags. The Court of Criminal Appeals recently noted "the well-settled rule that a
defendant's unexplained possession of property recently stolen in a burglary permits an
inference that the defendant is the one who committed the burglary." Rollerson v. State, 227
S.W.3d 718, 725 (Tex. Crim. App. 2007). We find the evidence legally and factually
sufficient to establish that Goodeaux entered the home.

 The third element of the offense of burglary, "with intent to commit theft," is also
established in Goodeaux's case. See Tex. Pen. Code Ann. § 30.02 (a)(1) (Vernon 2003). 
"[A] presumption of an intent to commit theft arises from the nonconsensual nighttime entry
of a home or building." Brown v. State, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003). 
Further, in a prosecution for burglary, the jury may infer an intent to commit theft from all the
surrounding circumstances. Simmons v. State, 590 S.W.2d 137, 138 (Tex. Crim. App. 1979). 
In this case, the jury could find that it was Goodeaux's intent to commit theft when he entered
the residence without the homeowner's consent. As previously discussed, property owned by
the homeowners was also found among Goodeaux's possessions. From the evidence, the jury
could reasonably conclude that Goodeaux's purpose in entering the residence was to commit
a theft. In summary, we conclude that the evidence is legally and factually sufficient to
establish each element of the crime alleged in the indictment. We overrule Goodeaux's first
issue.

Non-Accomplice Corroborating Evidence
 

 The Code of Criminal Procedure requires a conviction based upon the testimony of
an accomplice witness to be corroborated by other evidence that tends to connect the
defendant with the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). The
Court of Criminal Appeals explained: 


 The [accomplice witness] rule simply reflects a legislative determination that
accomplice testimony that implicates another should be viewed with some
level of caution. Under the rule it is not necessary for the non-accomplice
evidence to be sufficient in itself to establish the accused's guilt beyond a
reasonable doubt. Nor is it necessary for the non-accomplice evidence to
directly link the accused to the commission of the offense. All that is required
is that there be some non-accomplice evidence which tends to connect the
accused to the commission of the offense alleged in the indictment.... [N]o
precise rule can be formulated as to the amount of evidence that is required to
corroborate the testimony of an accomplice witness. 


Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994) (citations omitted). 
"[C]ircumstances that are apparently insignificant may constitute sufficient evidence of
corroboration." Malone v. State, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (citing
Trevino v. State, 991 S.W.2d 849, 852 (Tex. Crim. App. 1999)). "[Therefore], each case
must be judged on its own facts." Gill, 873 S.W.2d at 48. 

 When evaluating whether accomplice-witness testimony is sufficiently corroborated,
the Court must "eliminate the accomplice testimony from consideration and then examine
the remaining portions of the record to see if there is any evidence that tends to connect the
accused with the commission of the crime." Malone, 253 S.W.3d at 257. "'Tendency to
connect' rather than rational sufficiency is the standard: the corroborating evidence need not
be sufficient by itself to establish guilt." Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim.
App. 2001) (quoting Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), cert.
denied, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed. 678 (2000). "[T]here simply needs to be
'other' evidence tending to connect the defendant to the offense." Solomon, 49 S.W.3d. at
361. "All facts, both direct and circumstantial, may be examined in ascertaining whether
sufficient corroboration exists." Gosch v. State, 829 S.W.2d 775, 777 (Tex. Crim. App.
1991) (citing Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988)). "If the combined
cumulative weight of the other incriminating evidence tends to connect the accused with the
commission of the offense, then the mandate of Article 38.14 has been fulfilled." Gosch, 829
S.W.2d at 777. 

 Other corroborating evidence in this case includes evidence that Goodeaux was found
to be in possession of the homeowners' jewelry. Goodeaux points out that the basket
containing the jewelry was not shown to have been solely in his possession. However, in Gill
v. State, the Court of Criminal Appeals made it clear that the State need not show that the
defendant had exclusive possession of the victim's property to satisfy the requirements of the
accomplice witness rule. 873 S.W.2d at 48-49. One of the factors relied upon by the Court
of Criminal Appeals that tended to connect Gill to the offense was that he and the accomplice
witness were shown to have "jointly possessed items matching the items stolen from [the
victim]." Id. at 48.

 In Goodeaux's case, the non-accomplice evidence, viewed in the light most favorable
to the jury's verdict, established the following: (1) the burglary occurred in December 2006;
(2) during the subsequent investigation on January 28, 2007, Detective Hanouer located
Goodeaux at the residence of Eubanks's sister; (3) a laundry basket that Goodeaux identified
as containing his property included ladies' jewelry; and (4) the homeowner's wife later
identified the jewelry from the basket as hers. Goodeaux's possession of the homeowner's
property reasonably tends to corroborate the testimony of the accomplice witnesses that
Goodeaux committed the burglary. Therefore, we overrule Goodeaux's second issue.

 Having overruled all of Goodeaux's issues, we affirm the trial court's judgment. AFFIRMED.


 ___________________________ HOLLIS HORTON

 Justice 


Submitted on July 28, 2008

Opinion Delivered October 29, 2008

Publish


Before Gaultney, Kreger, and Horton, JJ.