

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-436-CR

DONNY GENE LAMBERT                                         APPELLANT

V.

THE STATE OF TEXAS                                         STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Donny Gene Lambert of burglary of a building and, after he pled not true to the enhancement allegations, assessed his punishment at twenty years' confinement. The trial court sentenced him accordingly, stacking his sentence to a prior sentence. In three points, Appellant challenges the admission of his confession, the factual sufficiency of the evidence, and the cumulation of his sentences. Because we hold that the trial court did not err and that the evidence is

------------

[1]  *See* Tex. R. App. P. 47.4.

factually sufficient to support Appellant's conviction, we affirm the trial court's judgment.

**Appellant's Confession**

In his second point, while Appellant concedes that his confession meets the technical requirements for admissibility, he argues that the trial court nevertheless abused its discretion by admitting it, violating his right to due process, because "the recent influence of alcohol" made the statement "incompetent for the jury to consider." To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[2] Appellant did not raise this objection below. Accordingly, we overrule this point as forfeited.

**Factual Sufficiency**

In his third point, Appellant contends that the evidence is factually insufficient to support his conviction. He specifically argues that the evidence does not establish his intent to commit theft. The indictment alleges that Appellant, "without the effective consent of the owner, Curtis Graves, enter[ed] a building not then open to the public, with intent to commit theft and did commit theft by unlawfully appropriating an Arctic four-wheeler." This allegation tracks the statute proscribing burglary of a

---

[2] Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).

2

building, section 30.02(a)(1) of the penal code.[3] A person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property."[4] A person acts with intent "with respect to the nature of his conduct . . . when it is his conscious objective or desire to engage in the conduct."[5] In a burglary prosecution, the specific intent to commit theft may be inferred.[6]

Curtis Graves testified that on the night in question, a truck that "kept driving by several times" awakened him. He noticed the four-wheeler lights come on in his barn. The barn was not open to the public. He did not give anyone permission to enter his barn. When he went to the barn, he discovered that his four-wheeler had been taken without his permission. He called 911.

Meanwhile, a pickup was in a ditch near Mr. Graves's home. When the sheriff's deputies questioned the woman at the scene, Deanna Burns, she told them that she had let her boyfriend, Appellant, out "there earlier not too much long before [the police] had found her there and left because she thought he was up to no good." The deputies concluded that she had been speeding to get away from the scene of the burglary and had then wrecked the pickup. Burns told the deputies where

---

[3] Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003).

[4] *Id.* § 31.03(a).

[5] *Id.* § 6.03(a).

[6] *McGee v. State*, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989), *cert. denied*, 494 U.S. 1060 (1990); *Simmons v. State*, 590 S.W.2d 137, 138 (Tex. Crim. App. [Panel Op.] 1979).

Appellant lived. At Appellant's house, deputies discovered the four-wheeler, with its engine still warm, sitting in front of the front door. Appellant was asleep. After he awoke, Appellant told Sergeant Emerson Hart, who identified Appellant at trial, that "he had some vehicle problems and stopped at a residence and went into somebody's barn and took a four-wheeler, which he intended to return." Appellant was not sure where exactly he had taken the four-wheeler from, and he did not know who owned it. The police arrested Appellant and took him to jail, where he gave a recorded statement.

In his recorded statement,[7] Appellant stated that his truck had stopped, so he had walked from his truck, looking for help. He stopped at Graves's barn. Appellant stated that the lights were on and that the doors were open. He called out for someone, but no one answered. He stated that he took the four-wheeler because he was cold and tired and wanted to get home and get someone to help him come back for his stalled truck and girlfriend. He also stated that he had only borrowed the four-wheeler and had intended to return it the next day. He stated that he knew that he had done wrong.

---

[7] Because neither party requested that the audio recording of Appellant's statement be filed in this court, this court on its own motion ordered that the original exhibit be filed in this court. The audiotape we received is broken, and we are unable to review it. However, at trial, Appellant's recorded statement was played for the jury and recorded by the court reporter in the reporter's record. No one has challenged the authenticity of the court reporter's record. Accordingly, we rely on that unchallenged printed version of Appellant's statement found in the reporter's record.

Graves's testimony indicated that several houses separated the wrecked pickup from Graves's home.

Applying the appropriate standard of review,[8] we hold that the evidence is factually sufficient to satisfy all the elements of the burglary with which Appellant was charged and convicted, including the specific intent to commit theft. We overrule Appellant's third point.

**Stacking Order**

In his first point, Appellant contends that the trial court abused its discretion by ordering that he serve the sentence in this case consecutively to rather than concurrently with a prior sentence and by basing that decision on evidence that should have been excluded. He also complains that his right to due process was violated because the State did not file its motion to stack until after he had rejected plea bargain offers and therefore he was not afforded the opportunity to consider this factor in deciding whether to accept or reject a plea bargain.

Appellant contends that State's Exhibits 9, 10, 11, and 12, pen packets, were admitted over his objections that they were not original documents and were hearsay. Our review of the record, however, shows no objection to hearsay;

---

[8] *See Steadman v. State*, 280 S.W.3d 242, 246–47 (Tex. Crim. App. 2009); *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 8–9, 12 (Tex. Crim. App. 2000) (all providing standard for reviewing the factual sufficiency of the evidence).

Appellant's hearsay contention was therefore not preserved.[9]  Appellant objected that the affidavit attached to State's Exhibit 9 was computer-generated and "not an original document with an original signature by the person who's supposed to keep records for the Department of Criminal Justice."  He objected to State's Exhibit 10 on the same grounds.  Regarding State's Exhibit 11, he objected that the affidavit was "not self-proving because it ha[d]n't . . . been signed by the person in charge of records for the Department of Criminal Justice" and was a photocopy or computer generated.  Appellant raised the same objections to State's Exhibit 12.  Section 8(b) of Article 42.09 of the code of criminal procedure provides,

> The Texas Department of Criminal Justice shall not take a defendant into custody under this article until the designated officer receives the documents required by Subsections (a) and (c) of this section.  The designated officer shall certify under the seal of the department the documents received under Subsections (a) and (c) of this section.  A document certified under this subsection is self-authenticated for the purposes of Rules 901 and 902, Texas Rules of Evidence.[10]

All of the challenged exhibits are certified as required by the statute.  They are therefore self-authenticated.[11]  Further, rule 1005 allows the contents of public records to be proved by certified copies.[12]  Accordingly, we hold that the trial court did not abuse its discretion by admitting the four exhibits.

---

[9] *See* Tex. R. App. P. 33.1(a)(1); *Mosley*, 983 S.W.2d at 265.

[10] *See* Tex. Code Crim. Proc. Ann. art. 42.09, § 8(b) (Vernon Supp. 2009).

[11] *See id.*

[12] *See* Tex. R. Evid. 1005.

Article 42.08(a) of the code of criminal procedure provides the trial court with discretion to order concurrent or consecutive sentences in cases like Appellant's.[13] As Appellant concedes, the Texas Court of Criminal Appeals has held that *Apprendi*[14] and its progeny "do not . . . speak to a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly discretionary."[15] We reject Appellant's request that we re-examine binding precedent.

Finally, the record does not reveal that Appellant objected to the timing of the filing of the State's motion to cumulate below, and, in any event, this court has already held that "[t]he plain language of the statutes does not require any prior notice. And the statutes themselves provided appellant notice that . . . the trial court was authorized to cumulate the sentences."[16] Accordingly, we overrule Appellant's first point.

---

[13] *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2009).

[14] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

[15] *Barrow v. State*, 207 S.W.3d 377, 379–80 (Tex. Crim. App. 2006).

[16] *Tyson v. State*, 172 S.W.3d 172, 176 (Tex. App.—Fort Worth 2005, pet. ref'd).

**Conclusion**

Having overruled Appellant's three points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 11, 2010