COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-436-CR

 

 

DONNY
GENE LAMBERT                                                                  APPELLANT

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM THE 235TH
DISTRICT COURT OF COOKE COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








A jury convicted Appellant Donny Gene
Lambert of burglary of a building and, after he pled not true to the
enhancement allegations, assessed his punishment at twenty years= confinement.  The trial court sentenced him accordingly,
stacking his sentence to a prior sentence. 
In three points, Appellant challenges the admission of his confession,
the factual sufficiency of the evidence, and the cumulation of his
sentences.  Because we hold that the
trial court did not err and that the evidence is factually sufficient to
support Appellant=s conviction, we affirm the trial
court=s judgment.

Appellant=s Confession

In his second point, while Appellant
concedes that his confession meets the technical requirements for
admissibility, he argues that the trial court nevertheless abused its
discretion by admitting it, violating his right to due process, because Athe recent influence of alcohol@ made the statement Aincompetent for the jury to consider.@ 
To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.[2]  Appellant did not raise this objection
below.  Accordingly, we overrule this
point as forfeited.

Factual Sufficiency








In his third point, Appellant
contends that the evidence is factually insufficient to support his
conviction.  He specifically argues that
the evidence does not establish his intent to commit theft.  The indictment alleges that Appellant, Awithout the effective consent of the
owner, Curtis Graves, enter[ed] a building not then open to the public, with
intent to commit theft and did commit theft by unlawfully appropriating an Arctic
four-wheeler.@ 
This allegation tracks the statute proscribing burglary of a building,
section 30.02(a)(1) of the penal code.[3]  A person commits theft if he Aunlawfully appropriates property with
intent to deprive the owner of property.@[4] 
A person acts with intent Awith respect to the nature of his conduct . . . when it is
his conscious objective or desire to engage in the conduct.@[5] 
In a burglary prosecution, the specific intent to commit theft may be
inferred.[6]

Curtis Graves testified that on the
night in question, a truck that Akept driving by several times@ awakened him.  He
noticed the four-wheeler lights come on in his barn.  The barn was not open to the public.  He did not give anyone permission to enter
his barn.  When he went to the barn, he
discovered that his four-wheeler had been taken without his permission.  He called 911.








Meanwhile, a pickup was in a ditch
near Mr. Graves=s home.  When the sheriff=s deputies questioned the woman at
the scene, Deanna Burns, she told them that she had let her boyfriend,
Appellant, out Athere earlier not too much long
before [the police] had found her there and left because she thought he was up
to no good.@ 
The deputies concluded that she had been speeding to get away from the
scene of the burglary and had then wrecked the pickup.  Burns told the deputies where Appellant
lived.  At Appellant=s house, deputies discovered the
four-wheeler, with its engine still warm, sitting in front of the front
door.  Appellant was asleep.  After he awoke, Appellant told Sergeant
Emerson Hart, who identified Appellant at trial, that Ahe had some vehicle problems and
stopped at a residence and went into somebody=s barn and took a four-wheeler, which he intended to return.@ 
Appellant was not sure where exactly he had taken the four-wheeler from,
and he did not know who owned it.  The police
arrested Appellant and took him to jail, where he gave a recorded statement.

In his recorded statement,[7]
Appellant stated that his truck had stopped, so he had walked from his truck,
looking for help.  He stopped at Graves=s barn.  Appellant stated that the lights were on and
that the doors were open.  He called out
for someone, but no one answered.  He
stated that he took the four-wheeler because he was cold and tired and wanted
to get home and get someone to help him come back for his stalled truck and
girlfriend.  He also stated that he had
only borrowed the four-wheeler and had intended to return it the next day.  He stated that he knew that he had done
wrong.








Graves=s testimony indicated that several houses separated the
wrecked pickup from Graves=s home.

Applying the appropriate standard of
review,[8]
we hold that the evidence is factually sufficient to satisfy all the elements
of the burglary with which Appellant was charged and convicted, including the
specific intent to commit theft.  We
overrule Appellant=s third point.

Stacking Order

In his first point, Appellant
contends that the trial court abused its discretion by ordering that he serve
the sentence in this case consecutively to rather than concurrently with a
prior sentence and by basing that decision on evidence that should have been
excluded.  He also complains that his
right to due process was violated because the State did not file its motion to
stack until after he had rejected plea bargain offers and therefore he was not
afforded the opportunity to consider this factor in deciding whether to accept
or reject a plea bargain.








Appellant contends that State=s Exhibits 9, 10, 11, and 12, pen
packets, were admitted over his objections that they were not original
documents and were hearsay.  Our review
of the record, however, shows no objection to hearsay; Appellant=s hearsay contention was therefore
not preserved.[9]  Appellant objected that the affidavit
attached to State=s Exhibit 9 was computer-generated
and Anot an original document with an
original signature by the person who=s supposed to keep records for the Department of Criminal
Justice.@ 
He objected to State=s Exhibit 10 on the same
grounds.  Regarding State=s Exhibit 11, he objected that the
affidavit was Anot self-proving because it ha[d]n=t . . . been signed by the person in
charge of records for the Department of Criminal Justice@ and was a photocopy or computer
generated.  Appellant raised the same
objections to State=s Exhibit 12.  Section 8(b) of Article 42.09 of the code of
criminal procedure provides,

The Texas
Department of Criminal Justice shall not take a defendant into custody under
this article until the designated officer receives the documents required by
Subsections (a) and (c) of this section. 
The designated officer shall certify under the seal of the department
the documents received under Subsections (a) and (c) of this section.  A document certified under this subsection is
self‑authenticated for the purposes of Rules 901 and 902, Texas Rules of
Evidence.[10]

 

All of the challenged exhibits are certified as required by
the statute.  They are therefore
self-authenticated.[11]  Further, rule 1005 allows the contents of
public records to be proved by certified copies.[12]  Accordingly, we hold that the trial court did
not abuse its discretion by admitting the four exhibits.








Article 42.08(a) of the code of
criminal procedure provides the trial court with discretion to order concurrent
or consecutive sentences in cases like Appellant=s.[13]  As Appellant concedes, the Texas Court of
Criminal Appeals has held that Apprendi[14]
and its progeny Ado not . . . speak to a trial court=s authority to cumulate sentences
when that authority is provided by statute and is not based upon discrete
fact-finding, but is wholly discretionary.@[15] 
We reject Appellant=s request that we re-examine binding
precedent.

Finally, the record does not reveal
that Appellant objected to the timing of the filing of the State=s motion to cumulate below, and, in
any event, this court has already held that A[t]he plain language of the statutes does not require any
prior notice.  And the statutes
themselves provided appellant notice that . . . the trial court was authorized
to cumulate the sentences.@[16] 
Accordingly, we overrule Appellant=s first point.








Conclusion

Having overruled Appellant=s three points, we affirm the trial
court=s judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL:  DAUPHINOT,
MCCOY, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED:  March 11,
2010











[1]See Tex. R.
App. P. 47.4.





[2]Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[3]Tex. Penal Code Ann. ' 30.02(a)(1) (Vernon 2003).





[4]Id. ' 31.03(a).





[5]Id. ' 6.03(a).





[6]McGee v. State,
774 S.W.2d 229, 234 (Tex. Crim. App. 1989), cert. denied, 494 U.S. 1060
(1990); Simmons v. State, 590 S.W.2d 137, 138 (Tex. Crim. App. [Panel
Op.] 1979).





[7]Because neither party requested that the audio
recording of Appellant=s statement be filed in this court, this court on its
own motion ordered that the original exhibit be filed in this court.  The audiotape we received is broken, and we
are unable to review it.  However, at
trial, Appellant=s recorded statement was played for the jury and
recorded by the court reporter in the reporter=s record.  No
one has challenged the authenticity of the court reporter=s
record.  Accordingly, we rely on that
unchallenged printed version of Appellant=s statement found in the reporter=s
record.





[8]See Steadman
v. State, 280 S.W.3d 242, 246B47 (Tex. Crim. App. 2009); Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson v. State, 204 S.W.3d 404,
414B15, 417 (Tex. Crim. App. 2006); Johnson v. State,
23 S.W.3d 1, 8B9, 12 (Tex. Crim. App. 2000) (all providing standard
for reviewing the factual sufficiency of the evidence).





[9]See Tex. R.
App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.





[10]See Tex.
Code Crim. Proc. Ann. art. 42.09, ' 8(b) (Vernon Supp. 2009).





[11]See id.





[12]See Tex. R.
Evid. 1005.





[13]See Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2009).





[14]Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).





[15]Barrow v. State,
207 S.W.3d 377, 379B80 (Tex. Crim. App. 2006).





[16]Tyson v. State,
172 S.W.3d 172, 176 (Tex. App.CFort Worth 2005, pet. ref=d).